10-2219-ag
Parmar v. Holder

BIA
Montante, IJ
A098 927 831

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of September, two thousand eleven.

PRESENT:
        JOSEPH M. MCLAUGHLIN,
        GUIDO CALABRESI,
        RICHARD C. WESLEY,
            *Circuit Judges.*

_____

VIVEK PARMAR,
        *Petitioner*,

        v.                        10-2219-ag

                                    NAC

JOHN MORTON, ACTING ASSISTANT SECRETARY, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, ET AL.,
        *Respondents*.

_____

FOR PETITIONER:      Heidi J. Meyers, New York, NY.

FOR RESPONDENTS:     Tony West, Assistant Attorney General; William C. Peachey, Assistant Director; Eric W. Marsteller, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Vivek Parmar, a native and citizen of India, seeks review of a May 24, 2010 order of the BIA affirming immigration judge ("IJ") Philip J. Montante, Jr.'s January 20, 2009, denial of Parmar's motion to reopen and rescind his *in absentia* removal order. *In re Vivek A. Parmar*, No. A098 927 831 (B.I.A. May 24, 2010); *aff'g* No. A098 927 831 (Immig. Ct. Buffalo, NY, Jan. 20, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An *in absentia* order of removal may be rescinded only "upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances." *See* 8 U.S.C. § 1229a(b)(5)(C)(i).

As an initial matter, Parmar's contention that he did in fact appear at his individual hearing is unavailing for

several reasons. First, his January 2008 motion requesting that he "be allowed to appear telephonically for all master calendars" and "only appear in person on the individual hearing date," did not waive his duty to appear in person for his November 13, 2008, hearing because it was an individual hearing, not a master calendar. *See* Immigration Court Practice Manual § 4.8(m)(iii)(A) (providing that "[a] waiver of a representative's appearance at a master calendar hearing does not constitute a waiver of the respondent's appearance"). Moreover, Parmar's October 2008 motion requesting "either a written decision or for [Parmar] and counsel to appear telephonically for the oral decision," referred only to the IJ's expected decision on his motion to suppress evidence and terminate his proceedings, on which the IJ issued a written decision. Notably, Parmar prepared and mailed the motion one day prior to the IJ's issuance of the notice for his November 13, 2008, individual hearing, and therefore the motion could not have requested permission to appear telephonically at a hearing that had not yet been scheduled. *Id.* at § 4.8(n)(v) (permission to appear telephonically "does not constitute permission . . . to appear by telephone at any future hearing"). In any event,

3

the IJ denied the motion. That the denial order was not mailed until November 13, 2008, the date of Parmar's hearing, does not excuse his failure to appear in person. *Id.* at § 4.8(n)(iii)(B) (the "mere filing" of a motion to appear by telephone does not excuse appearance, and "respondent must appear in person unless the motion has been granted").

Parmar also asserts that, even if the IJ did not grant his motion to appear telephonically, two paralegals from his attorney's office called the immigration court and spoke to anonymous individuals who informed them that both he and his attorney could appear telephonically. However, as the IJ noted in his decision, the court clerk with whom Parmar allegedly spoke stated that "she never spoke with anybody from counsel's office relative to a telephonic hearing," and that she "also asked the entire court staff and they responded that they had never advised counsel's office that the Immigration Judge granted a telephonic [hearing]." Therefore, the IJ, in considering Parmar's motion to reopen, was confronted with two contradictory stories and chose to credit one over the other. The record does not compel a different result. *See* 8 U.S.C. § 1252(b)(4)(B) (agency's findings of fact are "conclusive unless any reasonable

4

adjudicator would be compelled to conclude to the contrary"); *see also Shao v. Mukasey*, 546 F.3d 138, 171 (2d Cir. 2008) ("We do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency.").

Parmar also failed to demonstrate exceptional circumstances excusing his failure to appear. *See* 8 U.S.C. § 1229a(b)(5)(C)(i). In this context, "exceptional circumstances" are those "beyond the control of the alien." 8 U.S.C. 1229a (e) (1). These include "battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not . . . less compelling circumstances." *Id*. Parmar's situation does not constitute "exceptional circumstances" under the statutory definition of that term. Parmar's reliance on *Aris v. Mukasey*, 517 F.3d 595 (2d Cir. 2008), is also unavailing, because *Aris* concerned a motion to reopen filed with the BIA alleging ineffective assistance of counsel. Parmar has not raised an ineffective assistance claim either here or before the agency. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006). Thus, although ineffective assistance of counsel "can constitute exceptional

circumstances excusing the alien's failure to appear at a deportation hearing," *Aris*, 517 F.3d at 599, there is no ineffective assistance claim before us.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
